IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ARTHUR WILLIAMS, JR.,**

    **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

CASE NO. 2:16-cv-0318
CRIM. NO. 2:05-cr-110

**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kemp

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate pursuant to 28 U.S.C. §2255. This matter is before the Court on the motion, the United States' response, and Petitioner's reply. For the reasons that follow, the Court will recommend that the motion to vacate be **DENIED**.

### I. Facts and Procedural History

Petitioner challenges only the imposition of a sentence under the Armed Career Criminal Act (ACCA). The Court will therefore summarize only those portions of the record relevant to that issue.

On April 28, 2005, Petitioner was indicted on one count of possession of 28 or more grams of crack cocaine with the intent to distribute it, and one count of unlawful possession of a firearm by a convicted felon. The indictment alleged that Petitioner was convicted in Ohio of aggravated assault on three separate occasions. (Doc. 1). On September 1, 2005, he pleaded guilty to both counts of the indictment. On March 2,

2006, the Court sentenced him to 180 months of imprisonment on each count, to run concurrently. That sentence was based, in part, on a finding that Petitioner qualified as an armed career criminal, a finding which mandates a 15-year minimum sentence. *See* 18 U.S.C. §924(e)(1)("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for *a violent felony* or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years ...")(emphasis supplied). The three violent felonies used to support the sentence were the ones listed in the indictment.

## II. The Motion to Vacate

Petitioner's motion to vacate is straightforward. He notes that in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that the definition of "violent felony," a term used in the ACCA and defined in 18 U.S.C. §924(e)(2)(B) as

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

was unconstitutionally vague. In particular, the Supreme Court concluded that the last portion of the second clause - known as the "residual clause" - suffered from an unconstitutional degree of vagueness because "the indeterminacy of the wide-ranging

inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." As a consequence, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557. There, the Court invalidated a sentence imposed under the ACCA which rested on a conviction for possession of a short-barreled shotgun, noting that the residual clause provided no guidance on the question of how or whether possession of such a weapon presented a "serious risk of injury to another." In this Circuit, *Johnson's* holding applies retroactively to cases on collateral review. *In re Watkins*, 810 F.3d 375 (6th Cir. 2015); *United States v. Moore*, 2016 WL 126921, *2 (S.D. Ohio Jan. 12, 2016).

Petitioner points out that aggravated assault, the "violent felony" underlying his ACCA conviction, is not specifically listed in that statute as a violent felony. The specific crimes listed in §924(e)(2)(B) are "burglary, arson, or extortion, [or a crime which] involves use of explosives," and aggravated assault is not on the list. Therefore, according to Petitioner, it must fall into the "residual clause," and, because it does, a 15-year sentence based on that crime is void. Petitioner relies, in part, on a pre-*Johnson* decision, *United States v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013), where the Court of Appeals held that an aggravated assault conviction under Ohio law "is a violent felony as defined under § 924(e)(2)(B)," and upon a post-*Johnson* case, *United States v. Bell*, 612 Fed.Appx. 378, 379 (6th Cir. Jan. 14, 2016), where the Court of Appeals reversed an ACCA sentence which was based on a Tennessee conviction for aggravated assault because "[a]ggravated assault is not one of the enumerated offenses listed in the ACCA."

The United States takes a different view. In its response, it argues that the way Ohio has defined aggravated assault in R.C. §2903.12 takes it outside the residual clause of §924(e)(2)(B). Ohio's statutory definition of aggravated assault includes the element of causing serious harm to anther, or attempting to cause serious harm to another by means of a deadly weapon or dangerous ordnance. Consequently, the United States's position is that aggravated assault qualifies as a "violent felony" under the first subsection of §924(e)(2)(B), which states that a crime which "has as an element the use, attempted use, or threatened use of physical force against the person of another" is a violent felony. The United States asserts that in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012), the Court of Appeals expressly held that aggravated assault under R.C. §2903.12 is a violent felony not because it satisfies the residual clause of the ACCA, but because it meets the criteria set forth in §924(e)(2)(B)(i). Consequently, according to the United States, *Johnson*'s holding is simply inapplicable here, and Petitioner is entitled to no relief.

### III. Discussion

It is relatively easy to reconcile the decisions which each party relies upon, although Petitioner contends they are in conflict and that the later decision in *United States v. Bell*, 612 Fed.Appx. 378, 379 (6th Cir. Jan. 14, 2016), ought to control here. The key is understanding the differences between the Ohio and Tennessee statutory definitions of aggravated assault.

As defined in T.C.A. §39-13-102(a), aggravated assault can be committed intentionally, knowingly, or recklessly. In *United States v. McMurray*, 653 F.3d 367 (6th

-4-

Cir. 2011), the Court of Appeals held that a reckless state of mind is incompatible with the ACCA's definition of a violent felony under either the "use of force clause" (*i.e.* §924(e)(2)(B)(i)) or the "otherwise clause" - that is, the residual clause addressed in *Johnson*.  Consequently, the Court of Appeals concluded that, under the "categorical approach," which involves a comparison of the statutory elements of a crime to the ACCA's definition of "violent felony," an aggravated assault which was punished under §39-13-102(a) is not a qualifying violent felony.   In *United States v. Bell*, 575 Fed.Appx. 598 (6th Cir. Aug. 5, 2014), the Court of Appeals interpreted a different section of the Tennessee aggravated assault statute, §39-13-102(c), which proscribes the infliction of bodily injury on a person who is protected from that assault by a court order.  There, it concluded that although the Tennessee statute does not meet the requirements of the "use of force" clause of the ACCA - the same conclusion reached in *McMurray* - an assault committed under subsection (c) of the Tennessee law did qualify as a violent felony under the residual clause.  It was that determination the Court of Appeals later reversed in  *United States v. Bell*, 612 Fed.Appx. 378, 379 (6th Cir. Jan. 14, 2016), the decision upon which Petitioner relies.  The facts of *Bell* make it clear that *Johnson* applied because the Court of Appeals had specifically found that the assault committed by the defendant in *Bell* was a violent felony under the ACCA based solely upon the residual clause, which *Johnson* found to be unconstitutionally vague.

By contrast, Ohio's aggravated assault statute has not been found to define a violent felony based solely upon the residual clause of the ACCA.  The Ohio statute does not include assaults committed recklessly, and, as noted above, in *Anderson*, the

Court of Appeals held that "aggravated assault in Ohio is a 'violent felony' under § 924(e)(2)(B)(i) because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.' 18 U.S.C. § 924(e)(2)(B)(i)" - a finding made under the "use of force" rather than the residual clause of the ACCA. In a similar context, this Court, in *United States v. Moore*, 2016 WL 126921 (S.D. Ohio Jan. 12, 2016), held that *Johnson* provides no relief to a defendant who was found to be a career offender because he had committed three prior crimes of violence (burglary, criminal deviant conduct, and battery) which qualified under the "force" clause of the definition of "crime of violence" found in §4B1.2 of the United States Sentencing Guidelines. The language of the "career offender" definition involved in *Moore* is identical to the language used in the ACCA to define a violent felony. *Moore* noted that "the United States Supreme Court has not applied its *Johnson* analysis to the Sentencing Guideline definition of a career offender" but that "[e]ven if it did, Moore's career offender finding was not made under the residual clause" and he was therefore not entitled to relief. *Id*. at *3.

Other courts have reached this conclusion as well. For example, *Sikes v. United States*, 2016 WL 1301152, *2 (E.D. Tenn. Apr. 1, 2016), noted that "under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause." *See also United States v. Kemmerling*, 612 Fed.Appx. 373, 376 (6th Cir. July 30, 2015)("While the Supreme Court's recent decision in *Johnson* held the residual clause of the ACCA to be unconstitutionally vague in violation of 'the

Constitution's guarantee of due process,' it did not affect the 'use of physical force' clause"). Thus, whether an aggravated assault conviction qualifies, after *Johnson*, as a "violent felony" for purposes of the ACCA, depends upon (1) the way a particular State has defined aggravated assault, and (2) whether that definition necessarily involves the use of physical force. *See, e.g., United States v. Pittro*, --- Fed.Appx. ----, 2016 WL 1719330 (6th Cir. Apr. 29, 2016), which held that because Florida's aggravated assault statute - like Ohio's, but unlike Tennessee's - has as an element the threatened use of physical force against another, it is a violent felony under the "use of force" clause of the ACCA, and there is no bar to using such a conviction to impose a sentence under the ACCA.

If Petitioner had been sentenced under the ACCA based on a Tennessee conviction for aggravated assault, his claim might have merit. But he was not. For the reasons stated above, *Johnson* simply does not apply to ACCA sentences imposed based on convictions for a violation of R.C. §2903.12. Such convictions are deemed violent felonies under the "use of physical force" clause of the ACCA and not under the now-defunct residual clause. Because that is so, Petitioner is not entitled to relief.

## IV. Recommended Disposition

Based on the above discussion, it is recommended that the motion to vacate (Doc. 26) be **DENIED**.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge