IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ARTHUR WILLIAMS, JR.,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:16-CV-0318**
**CRIM. NO. 2:05-CR-110**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On May 17, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied. (ECF No. 30.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 31.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 31) is **OVERRULED**. The *Report and Recommendation* (ECF No. 30) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate Under 28 U.S.C. 2255* (ECF No. 26) is **DENIED**.

Petitioner challenges his sentence under the Armed Career Criminal Act ("ACCA"). Petitioner pleaded guilty to one count of possession of 28 or more grams of crack cocaine with the intent to distribute, and one count of unlawful possession of a firearm by a convicted felon. On March 2, 2006, the Court imposed 180 months imprisonment on each count, such sentences to run concurrently to each other, based in part on a finding that Petitioner qualified as an armed career criminal due to his three prior Ohio convictions on aggravated assault. Petitioner asserts that the Court improperly sentenced him as an armed career criminal under 18 U.S.C. § 924(e)(1), in view of *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the United States

Supreme Court declared the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague.

Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum sentence of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (Emphasis added). The italicized portion referred to above in subsection (ii) is known as the "residual clause." *See Welch v. United States*, -- U.S. --, --, 136 S.Ct. 1257, 1261 (2016)(holding that *Johnson* applies retroactively to cases on collateral review)(citing *Johnson*, 135 S.Ct. at 2555–2556). It is this section of the statute that the Supreme Court in *Johnson* declared to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at ——, 135 S.Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ——, 135 S.Ct., at 2560.

*Welch*, 136 S.Ct. at 1262.

2

On this basis, Petitioner claims that his aggravated assault convictions no longer qualify as violent felonies under the ACCA. The Magistrate Judge rejected this argument, concluding that the aggravated assault convictions under O.R.C. § 2903.12, constitute a violent felony under § 924(e)(2)(B)(i), without resort to the residual clause, because the statute contains as an "element of the offense the use, attempted use, or threatened use of physical force against the person of another." Petitioner objects to the Magistrate Judge's recommendation.

Referring to *United States v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013), Petitioner argues that Ohio's aggravated assault statute constitutes a violent felony under the terms of the ACCA by reference to the unconstitutionally vague residual clause. He objects to the Magistrate Judge's reference to *United States v. Moore*, No. 3:03-cr-169, 3:16-cv-012, 2016 WL 126921 (S.D. Ohio 2016), as inapplicable to the scenario in this case. He argues that the Sixth Circuit's decision in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012), supports his claim, because Ohio's aggravated assault statute "does not contain a stand-alone physical force element." *Id.* at 401. He further argues that Ohio's aggravated assault statute does not constitute a violent felony because it is concerned with harm caused as opposed to use of force. Finally, Petitioner objects to the Magistrate Judge's conclusion that Ohio's statute on aggravated assault requires that the use of force be established as an element of the offense.

Petitioner's *Objection* is not well taken. *Perry* does not indicate that Ohio's aggravated assault statute does not constitute a violent felony within the meaning of the ACCA, or that it cannot be defined as such without resort to the residual clause. In *Anderson*, however, contrary to Petitioner's argument here, the Sixth Circuit explicitly held that Ohio's aggravated assault statute constitutes a violent felony under the 18 U.S.C. 924(e)(2)(B)(i), without application of the

3

unconstitutionally vague residual clause, because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.' 18 U.S.C. § 924(e)(2)(B)(i)." *Id.*

> The Supreme Court has clarified that "physical force" as used in § 924(e)(2)(B)(i) means "violent force—that is, force capable of causing physical pain or injury to another person," and not mere unwanted touching, which would be incapable of causing such physical pain or injury. *Johnson v. United States,* — U.S. —, 130 S.Ct. 1265, 1270–72, 176 L.Ed.2d 1 (2010). We think it is clear that the Ohio aggravated assault statute, which requires proof of "serious physical harm" or "physical harm ... by means of a deadly weapon or dangerous ordnance," Ohio Rev.Code § 2903.12(A)(1)-(2), necessarily requires proof that the defendant used "force capable of causing physical pain or injury." We hold that one can "knowingly ... [c]ause serious physical harm to another," Ohio Rev.Code § 2903.12(A)(1), only by knowingly using force capable of causing physical pain or injury, *i.e.,* violent physical force, in the context of determining what crime constitutes a "violent felony" under § 924(e)(2)(B)(i).
>
> \*\*\*
>
> Thus, we now explicitly hold that it does not matter that the Ohio statute at issue does not contain a stand-alone physical force element because proof of serious physical injury or pain under the statute necessarily requires proof of violent physical force.
>
> \*\*\*
>
> [B]ecause the Ohio aggravated assault statute requires the state to show the defendant either knowingly caused serious physical harm to another or knowingly caused physical harm to another by means of a deadly weapon or ordnance, a conviction under that statute is a "violent felony" under § 924(e)(2)(B)(i).

*Id.* at 401. This Court is bound by that decision. Further, although *Moore,* 2016 WL 126921, did not involve application of the ACCA, the District Court in *Moore* concluded, as this Court does here, that, even if *Johnson* applied to Moore's classification as a career offender, *Johnson* does not invalidate such classification as a career offender where it had not been made pursuant to the unconstitutionally vague portion of the residual clause. Petitioner's references to *United*

4

*States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004), and *Ohio v. Fairbanks*, 117 Ohio St.3d 543 (Ohio 2008), do not assist him. *Fairbanks* does not involve Ohio's application of the aggravated assault statute. In *Vargas-Duran*, the United States Court of Appeals for the Fifth Circuit held that intentional use of force was not an element of the crime of intoxication assault under Texas law, and therefore did not constitute a crime of violence within the meaning of the ACCA, because "[a]ll that the statute requires is that a bodily injury occur and that the injury was causally linked to the conduct of the defendant." *Vargas-Duran*, 356 F.3d at 605. Such are not the circumstances here.

For all of these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 30) is **OVERRULED**. The *Report and Recommendation* (ECF No. 30) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate Under 28 U.S.C. 2255* (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

7-12-2016
EDMUND A. SARGUS, JR.
Chief United States District Judge